HORN (LOCKHART v.). See Cases Nos. 8,445 and 8,446.

HORN (UNITED STATES v.). See Case No. 15,389.

HORNER (ALEXANDER v.). See Case No. 169.

---

# Case No. 6,704.

## The HORNET.

[Abb. Adm. 57.] [1]

District Court, S. D. New York. Aug., 1847.

NOTICE—VENDITIONI EXPONAS.

1. Under Act Cong. March 2, 1799 (1 Stat. 696, § 90); the notice of sale in cases of condemnation under the act must be published

---

[1] [Reported by Abbott Brothers.]

every day for fifteen days, in the newspapers directed by the act.

2. Under rules 47 and 48 of the district court, notice of sale under venditioni exponas (except on condemnation of property on seizure by the United States) must be published for six days; and the sale will be set aside if this full number of publications is not made.

[Cited in Daily v. Doe, 3 Fed. 912.]

This was a libel in rem, by Nathaniel Finney against the schooner Hornet, to recover wages as pilot. A decree was entered in favor of the libellant, by default, and a sale of the vessel upon venditioni exponas was made under the decree. Thomas T. Sturgess and James S. Sturgess, as attorneys in fact for the owners, who were residents of Maine, now filed a claim and moved to set aside the sale made, on the ground of irregularity in the notice of sale, and to open the decree rendered by default, and to allow the claimants to come in and defend the case. The grounds of the motion appear in the opinion.

BETTS, District Judge. All the proceedings in court, on the part of the libellant, up to the notices of sale, were regular. The claimants failed to show any fraud or collusion on the part of the master, in respect to the attachment of the vessel, or in respect to his admissions of the demand set up by the libellant. If, therefore, relief was afforded them against the proceedings in court alone, it could only be upon terms which would fully reimburse the libellant, and save him harmless against defences merely formal in their character.

It being, however, the judgment of the court that the sale of the vessel was irregular, and that it cannot be sustained, the setting it aside will place the cause in a condition where the libellant will incur no delay or injury by letting in a full defence, beyond what he would have been subjected to if the claimants had intervened and filed their answer upon the return of process, since it does not appear that any opportunity to try the cause will have been lost by the proceeding.

The main question considered by the court is that raised as to the irregularity of the sale. The venditioni exponas was issued the 20th of July, and the marshal made sale of the vessel under it the 27th following. The advertisement of the notice of sale was first published the 21st of July, and was published but five times in all, previous to the sale.

The rules of this court direct that notices of sale, &c., shall be six days, and that all such notices shall be published in the manner directed by the act of congress, in cases of condemnation under the revenue laws. Dist. Ct. Rules 47, 48.

The act referred to (Act March 2, 1799, c. 22, § 90; 1 Stat. 696) prescribes that ships, &c., condemned under the act, shall be sold

at auction, giving at least fifteen days notice, in one or more of the public newspapers of the place where such sale shall be; or if no paper is published in such place, in one or more of the papers published in the nearest place thereto.

The terms of the act are very explicit and definite. No less than publication for the required number of days is sufficient, and it appears to me that the language admits of no construction or practice which shall fail exacting the entire complement of days in the publication of these notices. It seems intended to exclude the supposition that any other than a continued notice for the required number of days was allowable. If any number of insertions, less than the whole, will satisfy the statute, then a single one must have all the efficacy of a notice repeated from day to day, up to the period of sale. There is a difference between the rules of this court and the act of congress, in respect to the number of days' notice required, the one prescribing six only and the other directing fifteen,—the statute regulating the proceeding only in cases of seizure by the United States,—but there is no ground for considering a full publication for the entire number of days required as less necessary under the one provision than the other. The rule of this court adopts the direction of the statute as to the manner of publication, and not the period; and the reasonable construction of the rule and the act, and the one conducing to the preservation of good faith between suitors, and the rights and interests of all concerned in the ownership of vessels subjected to sale, requires that the notice of sale shall continue to be published every day, to the completion of the full number.

At least six publications of the notice were necessary, and as five only were made, the sale must be set aside. The claimants are also let in to defend the action upon its merits. No costs are awarded to either party against the other.